UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRIANNA ESPERANZA CASTRELLON,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:26-cv-04055-CDB (SS)

ORDER ON STIPULATION EXTENDING *NUNC PRO TUNC* DEFENDANT'S TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

(Doc. 11)

Plaintiff Brianna Esperanza Castrellon ("Plaintiff") initiated this action with the filing of a complaint on May 27, 2026, seeking review of the final decision of the Commissioner of Social Security denying disability benefits. (Doc. 1). On May 29, 2026, the Court entered the scheduling order, setting forth dates and deadlines for the filing of the administrative record and of cross-motions for summary judgment. (Doc. 4.) On July 9, 2026, Defendant filed a copy of the administrative record. (Doc. 10).

On September 8, 2026, Defendant filed a notice for a thirty (30) day extension (to October 8, 2026) of the time to file an opposition brief. (Doc. 13). Instead of timely filing an opposition, on the day such briefing was due, Defendant filed a stipulation to further extend Defendant's time to file a response to Plaintiff's motion for summary judgment. (Doc. 14). Counsel for Defendant represents that the extension is necessary because Defendant has identified a possibility for

settlement and requires additional time for internal discussions and if necessary to negotiate settlement with Plaintiff's counsel and that he has twelve merit briefs due in the next four weeks. *Id.* at 2.

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action *as soon as the need for an extension becomes apparent*." L.R. 144(d) (emphasis added). That rule further provides, "Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."

Here, given counsel's representations, it should have been apparent well before the deadline for Defendant's filing of an opposition to the pending motion for summary judgment that an extension was needed. Hence, under Local Rule 144, Plaintiff's request for an extension is untimely.

The Court disfavors granting *nunc pro tunc* relief and directs Plaintiff to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that Plaintiff seeks to extend.

Based on counsel for Plaintiff's representations, the Court finds good cause to grant the request *nunc pro tunc*. *See* (Doc. 14).

**Conclusion and Order**

Accordingly, for the reasons set forth in Plaintiff's stipulation and for good cause shown, IT IS HEREBY ORDERED:

1. Plaintiff's due date for filing a motion for summary judgment is extended *nunc pro tunc* from October 8, 2026, to **November 8, 2026**; and
2. The Court's Scheduling Order (Doc. 4) shall continue to govern the filing of any response and/or reply brief.

IT IS SO ORDERED.

Dated: **October 9, 2026**

UNITED STATES MAGISTRATE JUDGE